UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAXWELL AZZARELLO,

                    Plaintiff,

          -against-                                          23-CV-3197 (JPO)

BILL, HILLARY & CHELSEA CLINTON                   ORDER TO SHOW CAUSE
FOUNDATION, ET AL.,

                    Defendants.

J. PAUL OETKEN, District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity

jurisdiction under 28 U.S.C. § 1332.[1]  For the reasons set forth in this order, the Court directs

Plaintiff to file a declaration, within 30 days, showing that he has standing to pursue this action

and that the Court has subject matter jurisdiction of this action.

                              **STANDARD OF REVIEW**

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fee, if it determines that the Court lacks subject matter jurisdiction, *Ruhrgas AG v.*

*Marathon Oil Co.*, 526 U.S. 574, 583 (1999), or that the action is frivolous, *Fitzgerald v. First E.*

*Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*,

45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent

authority to dismiss frivolous appeal)).  The Court also may dismiss an action for failure to state

a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v.*

*County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks

omitted).  The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*,

---

[1] On April 14, 2023, Plaintiff paid the filing fees for this action.

572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff Maxwell Azzarello, who is a resident of Saint Augustine, Florida, brings claims that arose from "1998-Present." (ECF 1 at 5.) He sues dozens of defendants, many of whom are well known figures and entities, alleging that they "knowingly conspired, participated in, and benefited financially from a decades-long fraudulent scheme. (*Id.* at 8-14.)

Plaintiff makes the following allegations. The fraud began in the late 1990s, when "Olwyn Alexander helped organize an elaborate network of Ponzi schemes . . . in her role with the Alternative Assets division of Price Waterhouse in Dublin, Ireland. (*Id.* at 15.) The scheme "leveraged the internet and network technology in new ways" and increased collaboration with "computer-based Ponzi schemes that Mark Cuban and H. Ross Perot, Jr. had participated in since at least the early 1980s." (*Id.*)

The scheme allegedly involved "unregistered securities in Texas," "offshore banks in the Caribbean," and "[c]o-conspirators at Harvard University" who improved the technology necessary for operating these schemes. (*Id.*) Digital platforms Facebook and PayPal were "created in service of this scheme," as were more recent entities including cryptocurrency companies FTX Trading Inc. and Binance Holdings, Inc. (*Id.* at 16.) Money was allegedly laundered through the Bill, Hillary & Chelsea Clinton Foundation, which was created for this purpose, and through New York University's President's Global Council. (*Id.*) On February 15, 2023, conspirator Nicola Sturgeon resigned as First Minister of Scotland, allegedly "to prepare for the insolvency of Silvergate Bank and assist her co-conspirators in organizing a bank run." (*Id.* at 17.)

2

All of the defendants are alleged to have "caused material harm to Plaintiff," including (1) financial loss "due to economic inflation that resulted directly from this scheme"; (2) "[d]amage to personal security via access to private personal information"; (3) psychological damage to him due to "media misinformation, the erosion of civil institutions, and willful acts of economic terrorism"; and (4) environmental damage due to fossil fuel emissions in service of this scheme. (*Id.* at 18.)

## DISCUSSION

A district court must dismiss a claim for lack of subject matter jurisdiction if it "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). *Thompson v. Cty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994) ("Whether or not it is raised, courts have an independent obligation to determine whether Article III standing exists."). As discussed below, Plaintiff's allegations do not satisfy his burden of showing that he has standing to sue or that the Court has diversity jurisdiction of this matter. *Makarova,* 201 F.3d at 113 ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (holding that "the plaintiff must 'clearly . . . allege facts demonstrating" each element of standing).

### A.     Standing

The standing doctrine "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc.*, 578 U.S. at 338 (relying on *Valley Forge Christian Coll. v. Am. United for Separation of Church and State, Inc.*, 454 U.S. 464, 473 (1982)). The Supreme Court has "established that the 'irreducible constitutional minimum' of standing consists of three elements." *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the

challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (relying on *Lujan*, 504 U.S. at 560.) To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560). For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Id.* An injury in fact must also be "concrete," which the Supreme Court has construed to mean that the injury "must actually exist" and be "real," and not "abstract," even if it is intangible. *Id.* at 340.

Here, even setting aside whether Plaintiff's allegations satisfy the plausibility requirement embodied in Rule 8 of the Federal Rules of Civil Procedure,[2] his allegations that he will be harmed by "environmental damage," "media misinformation, the erosion of civil institutions, and willful acts of economic terrorism" (ECF 1 at 17) are not particularized because they do not show personal and individual harm to Plaintiff. *See, e.g., Spokeo, Inc*, 578 U.S. at 342 (holding that "not all inaccuracies cause harm or present any material risk of harm"). Plaintiff's allegation that he suffered "financial loss due to economic inflation" (ECF 1 at 17) is also not particularized. *See, e.g., Schlesinger v. Reservists Committee to Stop the War*, 418 U.S.

---

[2] Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

208, 220 (1974) (holding that exercise of federal jurisdiction is not warranted when the harm

asserted is a "generalized grievance" shared equally by all of a large class of citizens).

Plaintiff's allegations are also insufficiently concrete. Plaintiff alleges that he suffered

"[d]amage to personal security via access to private personal information" (ECF 1 at 17), but he

does not plead facts suggesting that he suffered any real and existing injury caused by access to

his private, personal information, or even a real risk of such access. Plaintiff's allegations are

thus insufficient to meet his burden of demonstrating standing to sue. The Court therefore

directs Plaintiff to show cause, in writing, why his claims should not be dismissed for lack of

standing.

## B.    Subject Matter Jurisdiction

Plaintiff must also show cause why the complaint should not be dismissed for lack of

subject matter jurisdiction. The subject matter jurisdiction of the federal district courts is limited.

Jurisdiction in federal court is generally available only when a "federal question" is presented, 28

U.S.C. § 1331, or when diversity of citizenship is complete and the amount in controversy

exceeds $75,000, 28 U.S.C. § 1332. "[A]ny party or the court *sua sponte*, at any stage of the

proceedings, may raise the question of whether the court has subject matter jurisdiction."

*Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir.

1983); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter

delineations must be policed by the courts on their own initiative . . . ."). "If the court determines

at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R.

Civ. P. 12(h)(3).

### 1.    Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under

federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Plaintiff does not invoke the Court's federal question jurisdiction, and his allegations do not suggest any basis for the exercise of federal question jurisdiction.

## 2. Diversity Jurisdiction

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must allege that diversity of citizenship is complete – that is, that the plaintiff does not have the same citizenship as any defendant. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, a plaintiff must allege to a "reasonable probability" that the claim is in excess of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006). A plaintiff bears the burden of establishing that diversity jurisdiction existed at the time the action was commenced. *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998).

"An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 Fed. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos*, 157 F.3d at 948. A corporation is a citizen of both the State where it is incorporated and the State where it has its "nerve center," generally its headquarters. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). By contrast, a limited liability company "takes the citizenship of each of its members" for diversity purposes. *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016); *Bayerische Landesbank v. Aladdin Capital Mgmt., LLC*,

692 F.3d 42, 49 (2d Cir. 2012) (same); *Handelsman v. Bedford Village Assoc. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000) ("[T]he citizenship of a limited liability company depends upon the citizenship of its members.").

Here, Plaintiff alleges that he is domiciled in and a citizen of Florida. (ECF 1 at 2.) He fails, however, to plead facts sufficient to establish the citizenship for purposes of diversity jurisdiction of many of the dozens of defendants named in the complaint. For example, Plaintiff sues numerous limited liability companies but does not plead any facts identifying the members of such companies or their citizenship. In addition, Plaintiff sues individuals, but he provides employment addresses instead of pleading facts about each individual defendant's domicile. Plaintiff appears to identify Jared Kushner as a citizen of New York, for example, based on the business address of Thrive Capital Management, LLC, in Manhattan.

Plaintiff also sues numerous foreign corporations and entities, but it is unclear from the allegations of the complaint whether Plaintiff is himself a foreign national. *See Corporacion Venezolana de Formento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980) ("'[T]he presence of aliens on two sides of a case destroys diversity jurisdiction,' just like the presence of two citizens of the same state."); *Franceskin v. Credit Suisse*, 214 F.3d 253, 258 (2d Cir. 2000) ("[E]ven if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity i[s] nonetheless defeated if another alien party is present on the other side of the litigation."). For all of these reasons, Plaintiff's allegations are insufficient to show that diversity of citizenship is complete.

In addition, Plaintiff does not plead facts showing that the amount-in-controversy requirement is satisfied. The allegations of the complaint thus do not demonstrate that the Court has subject matter jurisdiction of this action.

The Court therefore directs Plaintiff to show cause, by filing a written declaration within 30 days after the date of this order, why this action should not be dismissed for lack of standing and lack of subject matter jurisdiction.[3]

## CONCLUSION

The Court directs Plaintiff to show cause, by filing a written declaration within 30 days after the date of this order, why this action should not be dismissed for lack of standing and lack of subject matter jurisdiction. Plaintiff's declaration, if any, should be submitted to the Pro Se Intake Unit within 30 days and should bear the docket number 23-CV-3197 (JPO). A declaration form is attached to this order.

If Plaintiff fails to submit a declaration within 30 days, or if the declaration does not show that Plaintiff has standing to sue and that the Court has subject matter jurisdiction of this action, the complaint will be dismissed.

SO ORDERED.

Dated:   May 10, 2023
         New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[3] Generally, a district court should allow a *pro se* plaintiff an opportunity to amend a complaint in order "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987). Plaintiff thus also has the option of amending the complaint, consistent with the requirements of Rule 15 of the Federal Rules of Civil Procedure, to replead his claims, in addition to filing a declaration.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

                                       Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| | |
|---|---|
| Executed on (date) | Signature |
| Name | Prison Identification # (if incarcerated) |
| Address City | State Zip Code |
| Telephone Number (if available) | E-mail Address (if available) |